IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MODEAN KHAN,

    Plaintiff,

vs.

BRIGHTSTAR PROPERTY
MAINTENANCE SERVICES, INC.,
a Florida Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MODEAN KHAN, sues Defendant, BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC., and shows:

### Introduction

1. This is an action by MODEAN KHAN against his former employer for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The Defendant resides within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, MODEAN KHAN, (hereinafter "KHAN") a resident of Broward County, was at all times material, employed by BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC., as a street sweeper, was an employee as defined by 29 U.S.C. § 203(e), and

during his employment with BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC. (hereinafter, "BRIGHTSTAR"), is a Florida Corporation with headquarters in Broward County, Florida, doing business throughout South and Central Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

## Count I – Violation of FLSA by Defendant BRIGHTSTAR – Overtime

6. Plaintiff, MODEAN KHAN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about July 11, 2020, up to and including September 3, 2020, Defendant BRIGHTSTAR has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically KHAN, during his employment, worked in excess of 40 hours a week during several weeks of his employment, but was not compensated for all overtime hours at one and one-half times his regular rate.

8. The failure to pay overtime compensation to KHAN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

9. KHAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from BRIGHTSTAR:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MODEAN KHAN, prays that this court will grant judgment against Defendant BRIGHTSTAR:

   a. awarding KHAN payment of overtime compensation found by the court to be due to him under the Act;

   b. awarding KHAN an additional equal amount as liquidated damages;

   c. awarding KHAN his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Violation of the FLSA by BRIGHTSTAR – Minimum Wage

10. Plaintiff, KHAN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 5 above.

11. KHAN worked for BRIGHTSTAR for several hours during the last two weeks of his employment, but received no compensation whatsoever for the work performed.

12. On or about September 15, 2020, after inquiring about receiving his last pay check, KHAN was contacted by BRIGHTSTAR's president, Leon Nelson, who advised KHAN that he would not receive his wages because of alleged damage that KHAN caused to the street sweeper.

13. BRIGHTSTAR's failure to pay KHAN his final paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

14. KHAN is entitled pursuant to the FLSA to recover from Defendant BRIGHTSTAR:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for KHAN and against BRIGHTSTAR on the basis of its willful violations of the FLSA;

    b. Award KHAN actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c. Award KHAN an equal amount in liquidated damages;

    d. Award KHAN reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: September 28, 2020
Plantation, Florida

                                            By:    ***/s/Robert S. Norell***
                                                        Robert S. Norell, Esq.
                                                        Fla. Bar No. 996777
                                                        E-Mail: rob@floridawagelaw.com
                                                        **ROBERT S. NORELL, P.A.**
                                                        300 N.W. 70th Avenue
                                                        Suite 305
                                                        Plantation, FL 33317
                                                       Telephone: (954) 617-6107
                                                        Facsimile: (954) 617-6018
                                                       *Counsel for Plaintiff*