UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 20-cv-61969 RAR/STRAUSS

MODEAN KHAN,

    Plaintiff,

vs.

BRIGHTSTAR PROPERTY MAINTENANCE
SERVICES, INC., a Florida Corporation

    Defendant.
_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND
FOR ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiff, MODEAN KHAN ("Khan" or "Plaintiff") and Defendant, BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC. ("Brightstar" or "Defendant") (Plaintiff and Defendant are collectively referred to as "the Parties"), by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice, as follows:

    **I.**    **FACTUAL BACKGROUND**

Plaintiff filed his Complaint against Defendant on September 28, 2020. *D.E. 1*. The initial Complaint alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") by failing to properly compensate Plaintiff when he worked in excess of forty (40) hours per week and for unpaid minimum wages. *Id.* The Plaintiff filed a Statement of Claim with this Court on October 16, 2020, which states that Plaintiff seeks overtime and minimum wages in the amount of $2,301.07 (unliquidated wages) plus $2,301.07 (liquidated damages. *D.E. 6.*

Defendant disputes Plaintiff's claims for unpaid overtime and unpaid minimum wages.  *D.E.s* 7 and 11.

In order to avoid the expense and uncertainty of protracted litigation of these claims, the Parties negotiated a settlement agreement ("the Agreement") and reached an accord on all material terms.  Under the Settlement Agreement, Plaintiff will receive **100%** of the unliquidated **and** liquidated damages they claim to be owed in the total amount of $4,602.14. A copy of the fully executed Agreement is attached as Exhibit A.  The settlement reached in this case provides Plaintiff with full, fair, and reasonable compensation for his FLSA claims.[1] Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of the Agreement and For Order of Dismissal with Prejudice.

II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections.  *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for").  There are only two ways in which overtime and minimum wage claims arising under the FLSA can be settled or

---

[1] Under the Agreement, Plaintiff will receive the following compensation: Four Thousand Six Hundred and Two Dollars and 14/100 Cents (**$4,602.14**), plus payment of his attorney's fees and costs, payable as follows:

    a.    One check for Two Thousand Three Hundred and One dollars and 07/100 Cents (**$2,301.07**) payable to Modean Kahn for unpaid wages.  This payment shall be subject to appropriate withholdings, and Kahn shall be issued a Form W-2 by Employer for this calendar year.

    b.    A second check for FLSA liquidated damages for Two Thousand Three Hundred and One dollars and 07/100 Cents (**$2,301.07**) payable to Modean Kahn for which a Form 1099 will be issued.

*Exhibit "A."*

compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may enter a stipulated judgment in an FLSA case after scrutinizing the settlement for fairness. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (Valle, J.) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also.* Mercado v. Snyder., 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (Brannon, J.) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the resolution of Plaintiff's FLSA claims constitutes a fair and reasonable resolution. Without admitting any liability whatsoever as to the alleged overtime violations, Defendant has agreed to pay Plaintiff **100%** of his alleged unpaid overtime and minimum wage claims and liquidated damages, as allocated in the Parties' Agreement. *Exhibit "A."* Because Plaintiff is receiving 100% of his alleged unpaid overtime and minimum wages **and** liquidated damages, this is an imminently fair and reasonable resolution of the FLSA overtime claims. Further, the release contained in the Agreement is limited to unpaid

wage claims, and is not a full general release.  If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was not entitled to unpaid wages or liquidated damages.  In order to avoid the uncertainties inherent in litigation, the Parties negotiated a payment through counsel that is satisfactory to all Parties.  *See* Davidson 2018 WL 7636333 at *1 (Judge Valle approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability).

The undersigned counsel, who are very experienced in wage and hour litigation, view the reached-upon settlement as a fair outcome for the Parties.  The attorney's fees and costs that shall be paid to Plaintiff's counsel does not create any conflict with the resolution of the FLSA overtime claims or otherwise raise any issues or concerns contemplated by the Eleventh Circuit in Lynn's Food Stores, Inc., 679 F.2d at 1353.  *Exhibit "A."*  Therefore, the settlement terms represent a fair and reasonable resolution of this matter in light of the contested issues in this case.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Court approve the Agreement, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Agreement to enforce the terms of the Agreement.

Dated this 31st day of December 2020.

Respectfully submitted,

| | |
|---|---|
| **ROBERT S. NORELL, P.A.** | **ENTIN LAW GROUP, P.A.** |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| 300 N.W. 70th Avenue | 633 S. Andrews Avenue, Suite 500 |
| Plantation, Florida 33317 | Ft. Lauderdale, FLL 33301 |
| Tel: (954) 617-6017 | Tel: (954) 761-7201 |
| | |
| By:/s/ *Robert S. Norell* | By:/s/ *Joshua Entin* |
| **ROBERT S. NORELL, ESQ.** | **JOSHUA ENTIN, ESQ.** |
| Fla. Bar No. 996777 | Fla. Bar No. 493724 |
| rob@floridawagelaw.com | josh@etinlaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31st, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ *Joshua M. Entin, Esquire*

## ATTACHED SERVICE LIST

*Kahn vs. Brightstar Property Maintenance Services, Inc.*
Case No: *20-cv-61969-RAR*

**United States District Court, Southern District of Florida**

Robert Norell, Esquire
Robert S. Norell, P.A.
300 N.W. 70th Avenue, Suite 305
Plantation, Florida 33317
Tel:     (954) 617-6017
Fax:    (954) 617-6018
E-Mail: rob@floridawagelaw.com
*Attorney for Plaintiff*